UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 18-00093 AG (DFMx) | Date | June 4, 2018 |
|---|---|---|---|
| Title | ARTHUR LOPEZ v. IRVINE COMPANY LLC ET AL. | | |

Present: The Honorable  ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:    [IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS**

Plaintiff Arthur Lopez, representing himself, filed this lawsuit against Defendants Irvine Company LLC; The Irvine Company Apartment Communities, Inc.; Newport Bluffs LLC; and The Newport Bordeaux Apartments LLC. In his handwritten complaint, Lopez purports to assert claims for (1) violations of the Fair Housing Act, (2) violations of his rights under 42 U.S.C. § 1983, and (3) unfair business practices. Lopez says that Defendants discriminated against him for a variety of reasons, including his race, familial status, and sex. Defendants move to dismiss Lopez's complaint, or for a more definite statement.

The Court GRANTS Defendants' motion to dismiss without leave to amend. (Dkt. No. 16.) The only claim that survives this order is Lopez's unfair business practices claim, since Defendants didn't specifically address that claim in their motion.

## 1. BACKGROUND

For the purposes of this order only, the Court assumes the following facts taken from Lopez's complaint are true. Although the complaint is somewhat difficult to follow, the Court has attempted to piece together this background.

For three or four years, Lopez lived in an apartment complex apparently run by some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00093 AG (DFMx) | Date | June 4, 2018 |
|---|---|---|---|
| Title | ARTHUR LOPEZ v. IRVINE COMPANY LLC ET AL. | | |

combination of Newport Bluffs LLC, Irvine Company LLC, and Irvine Company Apartment Communities, Inc. Lopez alleges that he encountered several issues while living at Newport Bluffs, though it's unclear exactly who did what. The issues range from unjustified fee charges, discrimination on the terms of his lease, and various forms of harassment. Lopez says he complained to various people who worked for, managed, or owned Defendants, as well as to federal and state authorities.

Lopez alleges that on May 5, 2015, he received a letter from Newport Bluffs saying his rent was overdue, even though he'd paid the rent three days earlier. Ultimately, Lopez alleges that Newport Bluffs sent him a notice on November 18, 2015, requiring him to vacate the apartment by January 18, 2016 (the end of his lease term). Lopez asserts that Defendants wouldn't renew or extend his lease for discriminatory reasons. He apparently tried to apply to another apartment complex, run by Newport Bordeaux LLC, but wasn't able to get a lease from that or any other property—again for allegedly discriminatory reasons. Lopez alleges that he was significantly injured by the inability to continue renting at any of Defendants' properties.

Lopez filed this case on January 18, 2018, exactly two years from the day his lease at Newport Bluffs ended.

## 2. JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of several court dockets from cases involving Lopez in state and federal courts. Based on information revealed in those cases, Defendants try to show that Lopez didn't have the financial means to pay his rent, and ask the Court to therefore conclude that they were reasonable in refusing to rent to Lopez. But this argument strikes on a factual dispute beyond the scope of a motion to dismiss.

At this time, the Court declines to consider the court dockets and whatever financial information Lopez revealed in those cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 18-00093 AG (DFMx) | Date | June 4, 2018 |
|---|---|---|---|
| Title | ARTHUR LOPEZ v. IRVINE COMPANY LLC ET AL. | | |

### 3. STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### 4. ANALYSIS

Although Lopez's complaint purports to allege a claim for unfair business practices, Defendants' motion to dismiss seems to ignore this, focusing only on Lopez's 42 U.S.C. § 1983 and Fair Housing Act claims. Consequently, the Court similarly focuses only on 42 U.S.C. § 1983 and the Fair Housing Act.

    **4.1    Section 1983 Claims**

Defendants argue that they can't be held liable under 42 U.S.C. § 1983 because they're all private, rather than public, actors. Section 1983 provides the basis for a civil claim against any person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," violates another's constitutional rights. "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the" government? *Sutton v. Providence St.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-00093 AG (DFMx) | Date | June 4, 2018 |
|---|---|---|---|
| Title | ARTHUR LOPEZ v. IRVINE COMPANY LLC ET AL. | | |

*Joseph Med. Cent.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). This is a two part inquiry. First, did the deprivation of constitutional rights "result from a governmental policy"? *Id.* Second, is the party to be charged with the deprivation "a person who may fairly be said to be a [governmental] actor"? *Id.* Courts presume "that private conduct does not constitute governmental action" and consider four factors or tests to determine whether private conduct is government action: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." *Id.* at 835–36.

Lopez seems to suggest that the private Defendants in this case are government actors who acted under government policy. He contends that "defendants . . . receive Federal H.U.D funding" and have "involvement and affiliations in City Governance." (Opp'n, Dkt. No. 20 at 1.) Further, he says that Defendants have a "monopoly" on the housing market in Newport Beach and own "enormous amounts of land and buildings which encompass full cities." (*Id.* at 2.) And he argues that he filed complaints with state and federal authorities. Many of these allegations weren't in Lopez's complaint. None of these allegations or arguments are convincing reasons to conclude that Defendants are government actors or that they acted consistent with a government policy in renting to or allegedly discriminating against Lopez.

Consequently, Lopez's § 1983 claims must be dismissed.

### 4.2    Fair Housing Act Claims

Defendants argue that Lopez's Fair Housing Act claims are barred by the relevant statute of limitations. Under the Fair Housing Act, a plaintiff may file a lawsuit "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . whichever occurs last." 42 U.S.C. § 3613(a)(1)(A).

Lopez filed this case on January 18, 2018, two years to the day after his lease term ended. But the Fair Housing Act's statute of limitations clock runs from "the occurrence or the termination of an alleged discriminatory housing practice," not from the end of a plaintiff's lease. Newport Bluffs sent Lopez their termination letter in November 2015, outside the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-00093 AG (DFMx) | Date | June 4, 2018 |
|---|---|---|---|
| Title | ARTHUR LOPEZ v. IRVINE COMPANY LLC ET AL. | | |

two-year limitations period. Indeed, all of the purported Fair Housing Act violations that Lopez alleges—including Newport Bluffs LLC's decision to terminate his lease and the other Defendants' rejection of his housing applications—happened before January 18, 2016. While the effects of those allegedly discriminatory decisions might have extended into the two-year limitations period, a "continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *See Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (internal quotation marks and citations omitted). At bottom, Lopez alleges no unlawful acts within the two-year statute of limitations period. And while he argues in passing that the Court should toll the limitations period, he provides no convincing reason to do so.

Because his claims are barred by the relevant statute of limitations, dismissal of Lopez's Fair Housing Act claim is appropriate.

### 5. LEAVE TO AMEND

If a court dismisses a complaint, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts,'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)), or "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted).

Lopez's § 1983 claims are incurably defective because Defendants simply aren't state actors. Similarly, his Fair Housing Act claims are incurably defective since they're barred by the statute of limitations. The Court therefore declines to give Lopez leave to amend.

### 4. DISPOSITION

The Court GRANTS Defendants' motion to dismiss without leave to amend. (Dkt. No. 16.) The Court DISMISSES Lopez's Fair Housing Act and 42 U.S.C. § 1983 claims without leave to amend them. Because Defendants haven't included any argument directed at Lopez's claim for unfair business practices, this order doesn't affect that claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00093 AG (DFMx) | Date | June 4, 2018 |
|---|---|---|---|
| Title | ARTHUR LOPEZ v. IRVINE COMPANY LLC ET AL. | | |

Further, while Defendants conclusorily ask for a more definite statement under Rule 12(e), they provide no specifics, so the Court DENIES that request. *See* Fed. R. Civ. P. 12(e) (requiring party seeking more definite statement to "point out the defects complained of and the details desired").

The Court also takes this opportunity to note that Lopez appears to be proceeding without the assistance of counsel, which means he's proceeding "*pro se*". The Court is mindful that people who appear *pro se* often have difficulty navigating the legal system. For that reason, documents filed *pro se* are to be "liberally construed" and held to "less stringent standards." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, litigants without lawyers are "bound by the rules of procedure" applicable in federal court. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court takes this opportunity to encourage Lopez to take advantage of the resources available at the free "Federal Pro Se Clinic" at the Santa Ana federal courthouse. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. More information can be found at http://court.cacd.uscourts.gov/cacd/ProSe.nsf and selecting "Pro Se Clinic - Santa Ana."

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |